**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ROBERT WOOTEN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-2452 (RC) |
| | : | | |
| v. | : | Re Document No.: | 15 |
| | : | | |
| GREG ABBOTT, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.  INTRODUCTION**

Plaintiff Robert Wooten filed this lawsuit against Defendant Greg Abbott, the Governor of Texas, following Defendant's pardon of Daniel Perry.  Plaintiff, proceeding *pro se*, alleged that the pardon was unconstitutional, and Defendant moved to dismiss this case.  This Court granted Defendant's motion to dismiss, citing a lack of personal jurisdiction over the Defendant.  Plaintiff then timely filed a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.  For the reasons below, the Court denies Plaintiff's motion.

**II.  BACKGROUND[1]**

This suit was filed following Defendant's pardon of Daniel Perry, who was convicted of murder and sentenced to twenty-five years in prison in April 2023.  Second Am. Compl. at 2, ECF No.7.  Plaintiff alleged that Defendant's pardon was unconstitutional under the Fourteenth Amendment, arguing that Defendant infringed on the First Amendment rights to peacefully

---

[1] A more detailed presentation of the facts can be found in this Court's previous memorandum opinion, but a summary of the procedural history of this case follows.  *See generally* Mem. Op. Grant Mot. Dismiss ("Mem. Op."), ECF No. 14.

assemble and free speech.  *See id.* at 15.  Defendant moved to dismiss these claims on multiple grounds, including improper venue, lack of personal and subject matter jurisdiction, failure to state a claim, improper service, and qualified immunity.  Mot. to Dismiss at 1, ECF No. 8.  On April 23, 2025, this Court granted Defendant's motion to dismiss, concluding that Plaintiff failed to establish both general and specific personal jurisdiction over the Defendant.  Mem. Op. at 6, 9.  Plaintiff then timely filed a motion for reconsideration on May 14, 2025, asking the Court to reconsider its dismissal.  Pl.'s Mot. for Recons. at 1, ECF No. 15.

### III.  LEGAL STANDARD

"If a person files a motion for reconsideration within twenty-eight days of the judgment or order of which he complains, courts consider it a Rule 59(e) motion."  *SEC v. Bilzerian*, 729 F. Supp. 2d. 9, 12 (D.D.C. 2010).  Because Plaintiff has met this twenty-eight-day deadline, Plaintiff's motion will be considered a Rule 59(e) motion.  Such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).  To find such circumstances, courts review the motion to determine whether "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Messina v. Krakower,* 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). However, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled."  *Fresh Kist Produce, LLC v. Choi Corp., Inc.*, 251 F. Supp. 2d 138, 140 (D.D.C. 2023) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)) (alteration in original).

## IV.  ANALYSIS

Plaintiff has failed to establish any extraordinary circumstances warranting this Court's reconsideration.  First, in their motion for reconsideration, Plaintiff does not discuss any intervening change of controlling law.  *See generally* Pl's. Mot. for Recons; *see also Messina*, 439 F.3d at 759.  Second, Plaintiff fails to provide any new, available information that this Court could consider in determining whether it has personal jurisdiction over Defendant.  *See generally* Pl's. Mot. for Recons; *see also Messina*, 439 F.3d at 759; *Hindu Am. Found. v. Viswanath*, 646 F. Supp. 3d 78, 89 (D.D.C. 2022) ("[a] plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant, and to meet that burden, the plaintiff must allege specific facts upon which personal jurisdiction may be based") (citation omitted).  Finally, Plaintiff does not establish a clear error or manifest injustice.  In its prior memorandum opinion, this Court examined both aspects of personal jurisdiction, specific and general.  Mem. Op. at 5–8.  While Plaintiff claims that the Court's reasoning was in error because the Court did not reach the merits of their claims, Plaintiff fails to provide any legal authority supporting that assertion.  *See* Pl's Mot. for Recons. at 6 ("In the courts [sic] discussion of its decision in this action . . . [i]ts focus is entirely, and improperly, on the Petitioner; when, in fact, its concern should be entirely on the Constitution vis a vis, the actions of the government.").  Nor could they.  *See Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 510 (D.C. Cir. 2018) (when "personal jurisdiction is in question, a court must first determine that it possesses personal jurisdiction over the defendants before it can address the merits of a claim").  Given that none of the extraordinary circumstances that could provide grounds for reconsideration have been shown, the motion must be denied.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 15) is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 20, 2025                                         RUDOLPH CONTRERAS
                                                                                          United States District Judge